UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EXTERIOR METAL SIDING
WARRANTY LITIGATION                                      MDL No. 2345

ORDER DENYING TRANSFER

**Before the Panel**:* Pursuant to 28 U.S.C. § 1407, defendants Gentek Building Products, Inc., and Associated Materials, LLC, move for centralization of this litigation in the Northern District of Ohio, Eastern Division. This litigation currently consists of seven actions pending in five districts, as listed on Schedule A. An additional related action is pending in the District of Minnesota.

All plaintiffs oppose centralization under Section 1407, arguing that voluntary coordination by the parties should be allowed instead. Plaintiffs represented in their briefs that plaintiffs in actions pending outside of the Northern District of Ohio either will voluntarily dismiss their actions and re-file in the Northern District of Ohio or file motions to transfer venue to that district under 28 U.S.C. § 1404(a), "[f]ollowing guidance from this Judicial Panel."

On the basis of the papers filed and the hearing session held, we will deny defendants' motion. Although these actions share factual questions arising out of allegations that the defendants manufactured and sold defective exterior aluminum and steel siding and then breached their obligations under the product's warranty, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. At oral argument, counsel speaking for all plaintiffs in the actions filed outside of the Northern District of Ohio confirmed that they will soon voluntarily dismiss their actions and re-file their cases in the Northern District of Ohio. In the past the Panel has denied centralization where the plaintiffs have agreed to litigate their actions in a single district. *See In re Glaceau VitaminWater Mktg. & Sales Practices Litig.*, 641 F. Supp. 2d 1381, 1381-82 (J.P.M.L. 2009) ("If the plaintiffs have managed to cooperate and have agreed to file in one district, we see no reason to discourage their efforts."). In these circumstances, the multidistrict character of the actions will be eliminated through the voluntary efforts of the parties, and all actions can proceed "in a single district for all purposes and not, as is the case with Section 1407 transfer, for pretrial purposes only." *See In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365. (J.P.M.L. 2002).

Defendants argue that Section 1407 centralization is nonetheless necessary to address future tag-along actions, especially considering the proliferation of websites seeking out owners of defendants' products to bring similar legal actions. But the Panel has held that the benefit to future

---

    *      Judge John G. Heyburn II and Judge Kathryn H. Vratil did not participate in the decision of this matter.

- 2 -

tag-along actions is not, standing alone, a sufficient justification for Section 1407 centralization, explaining that "transfer is not automatic, nor is it permanent." *See In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Moreover, the parties can address difficulties posed by future tag-along actions, if any, by filing another Section 1407 motion. *See In re Glaceau VitaminWater Mktg. & Sales Practices Litig. (No. II)*, 764 F. Supp. 2d 1349, 1350 (J.P.M.L. 2011).

Considering counsel's representation that plaintiffs in the actions filed outside of the Northern District of Ohio will soon voluntarily dismiss their actions and re-file their cases in the Northern District of Ohio, we conclude that Section 1407 centralization is not warranted at this time.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
W. Royal Furgeson, Jr.
Acting Chairman

Barbara S. Jones        Paul J. Barbadoro
Marjorie O. Rendell     Charles R. Breyer

IN RE: EXTERIOR METAL SIDING
WARRANTY LITIGATION                                              MDL No. 2345

## SCHEDULE A

<u>District of Colorado</u>

Gary McIntyre, et al. v. Gentek Building Products, Inc., C.A. No. 1:11-03401

<u>District of Kansas</u>

Rhea Clark v. Gentek Building Products, Inc., C.A. No. 2:12-02023

<u>District of Minnesota</u>

Patrick Fleck v. Gentek Building Products, Inc., C.A. No. 0:11-03234

<u>Eastern District of Missouri</u>

Robert Patrick v. Gentek Building Products, Inc., C.A. No. 4:11-01891

<u>Northern District of Ohio</u>

Donald Eliason, et al. v. Gentek Building Products, Inc., C.A. No. 1:10-02093
Virginia Stroh v. Gentek Building Products, Inc., C.A. No. 1:11-02232
Richard Wroughton v. Gentek Building Products, Inc., C.A. No. 1:11-2719